# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JOHN C. BUCHANAN,<br><br>               Debtor. | Chapter 7<br><br>Case No. 4:16-bk-09565-BMW<br><br>**RULING AND ORDER REGARDING DEBTOR'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST PIMA COUNTY, ET AL.** |

       This matter came before the Court pursuant to the *Emergency Motion for Temporary Restraining Order Against Pima County and Its Attorneys, Judges, and Dwight W. Connely or Their Associates, Agents, or Assigns* (the "Motion") (Dkt. 209) filed by John C. Buchanan (the "Debtor") on July 20, 2018, in which the Debtor asks the Court to enjoin Pima County, Pima County attorneys, Pima County judges, Dwight Connely ("Mr. Connely"), and the agents and assigns thereof from stealing or taking his personal property; the *Response to: Debtor's Emergency Motion to Approve Temporary Restraining Order Against Pima County, et al.* (Dkt. 228) filed by Pima County on August 28, 2018, in which Pima County asks the Court to deny the Motion on the basis that the there is a valid, non-dischargeable pre-petition state court order that vested the rights, titles, and interest in the personal property at issue in the Debtor's landlord, Mr. Connely; and all pleadings related thereto.

       On September 11, 2018, the Court held a hearing on the Motion, at which time the Debtor confirmed that although he captioned his pleading a motion for temporary restraining order, his pleading is actually a motion alleging a violation of the discharge injunction by Pima County in

connection with Pima County's enforcement of certain state court orders. The Court ordered Pima County to supplement its Response and provided the Debtor with an opportunity to reply.

On September 24, 2018, Pima County filed a supplement, and on October 9, 2018, the Debtor filed a reply. (Dkts. 238 & 240). The Court then took this matter under advisement. Based on the pleadings, oral arguments, and entire record before the Court, the Court now issues its ruling.

**I.   Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O).

**II.   Factual and Procedural Background**

1. Pre- and post-petition, the Debtor has stored equipment, vehicles, and other assets at a property located at 13000 W. Avra Valley Road in Pima County that is owned by Mr. Connely and Pamela Rodgers (the "Property"). (*See* Dkt. 238).

2. On December 13, 2011, Pima County filed a *Verified Complaint and Application for Preliminary Injunction* (Dkt. 238 at Ex. A) in Arizona Superior Court, Pima County (the "State Court") commencing a zoning code enforcement action (the "State Court Action") against the Debtor, Mr. Connely, and Ms. Rogers.

3. On February 18, 2014, the parties to the State Court Action stipulated that the Property was not in compliance with the Pima County Code and that the Debtor was the party responsible for placing and storing the offending materials on the Property in violation of the Pima County Code. (*See* Dkt. 238 at Ex. B).

4. The State Court issued a preliminary injunction and ordered that the Property be brought into full compliance with the Pima County Code by no later than August 18, 2014. (Dkt. 238 at Ex. B).

5. The Property was not brought into compliance by August 18, 2014. (*See* Dkt. 238 at Ex. C).

/ / /

/ / /

6. At a review hearing held on November 24, 2014, the State Court found the Debtor in contempt of court. (Dkt. 238 at Ex. C). The State Court issued the following order (the "November 2014 Order"):

> IT IS ORDERED that a fine of $10.00 per day is imposed on [the Debtor]. Payment of the fine is suspended until [a review] hearing on March 30, 2015. If the [P]roperty is not in compliance at that time, the Court will order the payment of the fine. Additionally, the Court may permit Mr. Connely to enter the [P]roperty to dispose of any remaining items that are the subject of this action. The Court shall also consider an order that Mr. Connely be given title to any vehicles for which [the Debtor] has title to allow Mr. Connely to remove the vehicles. If the [P]roperty is in compliance, the Court will consider vacating the fine.

(Dkt. 238 at Ex. C).

7. The Debtor did not bring the Property into compliance by the March 30, 2015 review hearing. (*See* Dkt. 238 at Ex. D). At the review hearing, the State Court issued the following order (the "March 2015 Order"):

> IT IS ORDERED THAT:
> 1. The suspension of the $10.00 per day fine upon [the Debtor], imposed on November 24, 2014, is hereby lifted. [The Debtor] shall be responsible for payment of the fine commencing November 25, 2014, until he is in full compliance.
> 2. The remaining vehicles shall be removed by June 1, 2015, or the Court shall order that title be provided to a third party to facilitate their removal.
> 3. The [P]roperty shall be brought into compliance prior to the next hearing.

(Dkt. 238 at Ex. D).

8. The Debtor did not bring the Property into compliance by the February 10, 2016 review hearing. (*See* Dkt. 238 at Ex. E). At the review hearing, the parties to the State Court Action agreed that the Debtor was to bring the Property into full compliance by July 11, 2016. (Dkt. 238 at Ex. E). The parties agreed that should the Debtor fail to be in full compliance by

July 11, 2016, "all property remaining on the premises shall become the property of Mr. Connely." (Dkt. 238 at Ex. E).

9. The Debtor did not bring the Property into compliance by July 11, 2016. (*See* Dkt. 238 at Ex. F). At the review hearing, the State Court issued the following order (the "July 2016 Order," and collectively with the November 2014 Order and March 2015 Order, the "State Court Orders"):

> IT IS ORDERED that [the Debtor] shall remove all equipment and material from the premises in question by no later than Friday, August 19, 2016.
>
> IT IS ORDERED that any equipment and material remaining on the premises on August 19, 2016, shall become the property of [Mr.] Connely and all rights, titles, and interest thereto, shall be vested in [Mr.] Connely.
>
> IT IS FURTHER ORDERED that [Mr.] Connely shall remove any remaining materials and equipment from the [P]roperty.

(Dkt. 238 at Ex. F).

10. On August 18, 2016, one day before his deadline to remove any of his remaining materials and equipment from the Property, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

11. On August 18, 2016, the State Court Action was stayed. (Dkt. 238 at Ex. G).

12. On August 17, 2017, this case was converted from Chapter 13 to Chapter 7. (Dkt. 128).

13. On March 28, 2018, the Chapter 7 Trustee abandoned all assets of the estate. (*See* Dkt. 191).

14. On May 1, 2018, an *Order of Discharge* (the "Discharge Order") (Dkt. 205) was entered.

15. On July 11, 2018, the State Court lifted the stay on the State Court Action. (Dkt. 238 at Ex. H).

16. On July 20, 2018, the Debtor filed the Motion commencing this contested matter.

**III.    Issue**

The issue before the Court is whether Pima County violated the discharge injunction by seeking enforcement of the State Court Orders.

**IV.    Law**

A Chapter 7 discharge releases a debtor from personal liability for certain pre-petition debts. *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005); § 727(b).[1] In effect, a discharge:

> (1)   voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under [the Code] . . . [and]
> (2)   operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .

§§ 524(a)(1)-(2). By its plain language, § 524(a) only enjoins actions to collect, recover, or offset discharged <u>debts</u> and voids judgments determining the <u>personal liability</u> of the debtor with respect to such debts. *See* § 524(a).

The Bankruptcy Code defines "debt" as "liability on a claim," and "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." §§ 101(5), (12).

"This 'broadest possible definition' of 'claim' is designed to ensure that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" *In re Ybarra*, 424 F.3d at 1022 (quoting *California Dep't of Health Servs. v. Jensen (In re Jensen),* 995 F.2d 925, 929 (9th Cir. 1993)) (emphasis omitted).

Given the Bankruptcy Code's expansive definition of claim, under some circumstances, equitable remedies and rights to equitable remedies qualify as claims that are subject to discharge.

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

*Ohio v. Kovacs*, 469 U.S. 274, 283, 105 S. Ct. 705, 710, 83 L. Ed. 2d 649 (1985); *In re Mach I Aviation, Inc.*, No. ADV. SV-10-01225-VK, 2011 WL 5838520, at *7-8 (B.A.P. 9th Cir. Sept. 15, 2011); *In re Brown*, 237 B.R. 740, 743 (Bankr. C.D. Cal. 1999). The test for determining whether equitable relief constitutes a claim, the debtor's liability with respect to which would be subject to discharge, is whether the relief has effectively been reduced to a monetary obligation. *Kovacs*, 469 U.S. at 283, 105 S. Ct. at 710. In *Ohio v. Kovacs*, for example, the Supreme Court affirmed a determination that a pre-petition injunction ordering a debtor to clean up hazardous waste where a receiver had been appointed pre-petition, such that the debtor's only way to perform the affirmative obligations imposed upon him was by paying money, was an obligation that was dischargeable in bankruptcy. *Id.*, 469 U.S. at 282-83, 105 S. Ct. 709-10.

Even when it is clear that there is a monetary obligation at issue, that obligation may nevertheless be non-dischargeable such that it rides through a debtor's bankruptcy case. *See* § 523(a). Section 523(a)(7), in particular, excepts from discharge debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, . . . [that] is not compensation for actual pecuniary loss . . . ."[2] "[A] debtor seeking to discharge a pre-petition sanction faces an uphill battle." *In re Hercules Enterprises, Inc.*, 387 F.3d 1024, 1029 (9th Cir. 2004).

### V.     Legal Analysis & Conclusions of Law

The State Court Orders imposed both monetary sanctions and equitable remedies against the Debtor.

####     A.     Equitable Components

The State Court ordered the Debtor to bring the Property into compliance with the Pima County Code by removing his equipment and materials from the premises. When the Debtor failed to timely bring the Property into compliance, the State Court ordered that any remaining equipment and materials would become the property of Mr. Connely in order to enable Mr. Connely to remove the remaining equipment and materials from his Property.

The Discharge Order does not void valid pre-petition court orders unrelated to the Debtor's personal liability, immunize the Debtor from complying with state and local zoning

---

[2] Section 523(a)(7) is self-executing; "it does not require either party to obtain a judgment declaring the debt excepted from discharge[.]" *In re Williams*, 438 B.R. 679, 687 (B.A.P. 10th Cir. 2010).

regulations, or prevent Pima County from exercising its regulatory police powers in response to the Debtor's post-petition conduct. The equitable components of the State Court Orders cannot be ascribed dollar amounts or be viewed as imposing a monetary obligation on the Debtor.

Although the equitable components of the State Court Orders order the clean-up of the Property in order to cure an ongoing violation of the Pima County Code, unlike in *Ohio v. Kovacs*, the equitable components of the State Court Orders do not require the Debtor to expend any funds to effectuate the court-ordered clean up. The equitable relief components of the State Court Orders therefore do not constitute debts subject to discharge, and remain unaffected by the Discharge Order.

B. <u>Monetary Components</u>

The monetary components of the State Court Orders pertain to court-ordered sanctions. The State Court found the Debtor in contempt of court and imposed the monetary sanctions against the Debtor as a fine or penalty. The sanctions imposed by the State Court in the State Court Orders are payable to and for the benefit of a governmental unit and do not represent compensation for actual pecuniary loss. Accordingly, such sanctions are non-dischargeable debts that remain unaffected by the Discharge Order.

**VI. Conclusion**

Based on the foregoing, the Court finds and concludes that the State Court Orders are unaffected by the Discharge Order. Accordingly, Pima County did not violate the discharge injunction when it sought to enforce the State Court Orders and/or exercise its regulatory police powers in response to the Debtor's post-petition conduct.

Wherefore, for good cause appearing:

**IT IS HEREBY ORDERED** that the Motion is denied.

**DATED AND SIGNED ABOVE.**