THIS ORDER IS APPROVED.

Dated: April 30, 2019

Brenda Moody Whinery, Chief Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| JOHN C. BUCHANAN, | Case No. 4:16-bk-09565-BMW |
| Debtor. | **RULING AND ORDER REGARDING DEBTOR'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AGAINST PINAL COUNTY, ET AL.** |

This matter came before the Court pursuant to the *Emergency Motion for Temporary Restraining Order Against Pinal County and Its Attorneys, Judges, and Zoning Officials or Their Associates, Agents, or Assigns* (the "Motion") (Dkt. 218) filed by John C. Buchanan (the "Debtor") on August 23, 2018, in which the Debtor asks the Court to enjoin Pinal County and its supervisors, attorneys, judges, and zoning officials, and the associates, agents, and assigns thereof from stealing or taking certain of his personal property; the *Response to Debtor's Motion for Temporary Restraining Order Against Pinal County* (Dkt. 227) filed by Pinal County on August 28, 2018, in which Pinal County asks the Court to deny the Motion on the basis that the Debtor was not discharged of his obligations to comply with the Pinal County Development Services Code and there is a valid pre-petition judgment and permanent injunction against the Debtor that, with the exception of ordered clean-up costs, remains in effect post-discharge; and all pleadings related thereto.

On September 11, 2018, the Court held a hearing on the Motion, at which time the Debtor confirmed that although he captioned his pleading a motion for a temporary restraining order, his

pleading is actually a motion alleging a violation of the discharge injunction by Pinal County in connection with its enforcement of a state court judgment. The Court ordered Pinal County to supplement its Response and provided the Debtor with an opportunity to reply.

On September 25, 2018, Pinal County filed a supplement, and on October 9, 2018, the Debtor filed a reply. (Dkts. 239 & 241). The Court then took this matter under advisement. Based on the pleadings, oral arguments, and entire record before the Court, the Court now issues its ruling.

**I.  Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O).

**II.  Factual and Procedural Background**

1. The Debtor owns real property located at 730 N. Cedar Ridge in Oracle, Arizona and at some point had access to or an interest in real property located at 777 N. Cedar Ridge in Oracle, Arizona (collectively, the "Property"). (*See* Dkts. 111 & 239-1).

2. On March 5, 2006, the Arizona Superior Court, Pinal County (the "State Court") entered a judgment (the "Judgment") and permanent mandatory injunction (the "Injunction") against the Debtor, finding the Debtor to be in violation of Pinal County Zoning Ordinance, Article 34, Section 3401 (the "Ordinance"), which prohibits the improper storage of materials and the improper parking of vehicles, and enjoining the Debtor from violating the Ordinance at the Property. (Dkt. 239-1 at 5-10).

3. The Judgment includes a $10,000 fine payable to Pinal County for the Debtor's non-compliance with the Ordinance. (Dkt. 239-1).

4. The State Court retained jurisdiction for purposes of enforcing the Injunction. (Dkt. 239-1).

5. On November 17, 2009, the Judgment was amended to include $21,304.45 in costs that Pinal County incurred to clean up the Property (the "Clean-Up Costs"). (Dkt. 239-1 at 2-4).

6. On August 18, 2016, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

7. On August 17, 2017, this case was converted from Chapter 13 to Chapter 7. (Dkt. 128).

8. On March 28, 2018, the Chapter 7 Trustee abandoned all assets of the estate. (*See* Dkt. 191).

9. On May 1, 2018, an *Order of Discharge* (the "Discharge Order") (Dkt. 205) was entered.

10. On August 23, 2018, the Debtor filed the Motion commencing this contested matter.

**III.  Issue**

The issue before the Court is whether Pinal County violated the discharge injunction by seeking to enforce the Judgment or Injunction.

**IV.  Law**

A Chapter 7 discharge releases a debtor from personal liability for certain pre-petition debts. *In re Ybarra*, 424 F.3d 1018, 1022 (9th Cir. 2005); § 727(b).[1] In effect, a discharge:

> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under [the Code] . . . [and]
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .

§§ 524(a)(1)-(2). By its plain language, § 524(a) only enjoins actions to collect, recover, or offset discharged <u>debts</u> and voids judgments determining the <u>personal liability</u> of the debtor with respect to such debts. *See* § 524(a).

The Bankruptcy Code defines "debt" as "liability on a claim," and "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured" or a "right to an equitable remedy for breach of performance if such breach gives rise to a right

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." §§ 101(5), (12).

"This 'broadest possible definition' of 'claim' is designed to ensure that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" *In re Ybarra*, 424 F.3d at 1022 (quoting *California Dep't of Health Servs. v. Jensen* (*In re Jensen*), 995 F.2d 925, 929 (9th Cir. 1993)) (emphasis omitted).

Given the Bankruptcy Code's expansive definition of claim, under some circumstances, a debtor's obligation under an injunction is a debt subject to discharge in bankruptcy. *See Ohio v. Kovacs*, 469 U.S. 274, 105 S. Ct. 705, 83 L. Ed. 2d 649 (1985). The key inquiry is whether the injunction has effectively been converted into or reduced to an obligation to pay money. *Id.* 469 U.S. at 283, 105 S. Ct. at 710. Even when an injunction has been reduced to a monetary obligation that is subject to discharge, the discharge does not immunize a debtor from having to comply with state and federal laws in the future. *See id.* 469 U.S. at 283-84, 105 S. Ct. at 710-11.

Furthermore, even when it is clear that there is a monetary obligation at issue, that obligation may nevertheless be non-dischargeable such that it rides through a debtor's bankruptcy case. *See* § 523(a). Section 523(a)(7), in particular, excepts from discharge debt "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, . . . [that] is not compensation for actual pecuniary loss . . . ."[2] "[A] debtor seeking to discharge a pre-petition sanction faces an uphill battle." *In re Hercules Enterprises, Inc.*, 387 F.3d 1024, 1029 (9th Cir. 2004).

**V.  Legal Analysis & Conclusions of Law**

　　A.　The Injunction

The Discharge Order does not void valid pre-petition court orders unrelated to the Debtor's personal liability, immunize the Debtor from complying with state and local zoning regulations, or prevent Pinal County from exercising is regulatory police powers in response to the Debtor's post-petition conduct.

The Injunction cannot be ascribed a dollar amount or be viewed as imposing a monetary

---

[2] Section 523(a)(7) is self-executing; "it does not require either party to obtain a judgment declaring the debt excepted from discharge[.]" *In re Williams*, 438 B.R. 679, 687 (B.A.P. 10th Cir. 2010).

obligation on the Debtor. The Injunction does not require the Debtor to tender any payment of money; it merely prohibits the Debtor from taking action in violation of the Ordinance. Accordingly, the permanent injunction did not give rise to a debt that is subject to discharge. The permanent injunction remains unaffected by the Discharge Order.

B. The Judgment

The Judgment, as amended, imposes a monetary fine and a judgment for clean-up costs against the Debtor.

Pinal County has conceded that the Clean-Up Costs were discharged. The monetary fine is payable to and for the benefit of a governmental unit and does not represent compensation for actual pecuniary loss. Accordingly, the fine is a non-dischargeable debt that remains unaffected by the Discharge Order.

**VI. Conclusion**

Based on the foregoing, the Court finds and concludes that the Injunction and $10,000 fine imposed on the Debtor in the Judgment are unaffected by the Discharge Order. Accordingly, Pinal County did not violate the discharge injunction when it sought to enforce the Injunction, collect the fine, and/or exercise its regulatory police powers in response to the Debtor's post-petition conduct.

Wherefore, for good cause appearing:

**IT IS HEREBY ORDERED** that the Motion is denied.

**DATED AND SIGNED ABOVE.**